**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 14-86** |
| **v.** | * | **SECTION: "J"** |
| **STANLEY FULTON** | * | |
| | * * * | |

**GOVERNMENT'S RESPONSE IN OPPOSITON TO DEFENDANT'S MOTION**
**TO DISMISS COUNT FOUR OF THE INDICTMENT (Doc. 95)**

**NOW INTO COURT** comes the United States of America through Kenneth Allen Polite, Jr., United States Attorney and Mark A. Miller and Michael B. Redmann, Assistant United States Attorneys, all for the Eastern District of Louisiana and files its response in opposition to defendant's Motion to Dismiss Count Four of the Indictment for Being a Convicted Felon in Possession of a Firearm.   In support of this opposition, the government offers the following.

I.      **Introduction**

The defendant has filed a motion entitled "Motion to Dismiss Count Four of the Indictment for Being a Convicted Felon in Possession of a Firearm."   As a basis for this request, he alleges that "the government cannot establish that Fulton either constructively or actively possessed the firearm in question."   See Deft Motion at 1.   Defendant therefore, is not making a legal challenge but instead a factual one.   As the succeeding paragraphs make clear, such challenges are disfavored and not properly brought prior to a trial of the case.

## II.        Factual Background/Procedural History

On July 10, 2014, a federal grand jury sitting in New Orleans returned a 10 count indictment against the Defendant, Stanley Fulton and eight other individuals for various violations of federal controlled substance and firearms laws. (Rec. Doc. 17).   The defendant was charged in Count One with Conspiracy to Distribute over one kilogram of heroin in violation of 21 U.S.C. 846 and in Count Four with Felon in Possession of a Firearm in violation of 18 U.S.C. 922(g)(1). Id.   More specifically, Count Four charged;

> On or about July 1, 2014, in the Eastern District of Louisiana, the defendant, Stanley Fulton, a/k/a "Big Man", having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: a conviction on August 16, 2002, in case number 02-82 "I" in the United States District Court for the Eastern District of Louisiana, for Distribution of Heroin and Conspiracy to Possess With Intent to Distribute Heroin in violation of Title 21, United States Code. Sections 841(a)(1) and 846; did knowingly possess in and affecting interstate commerce a firearm, to wit: a Beretta model PX4 Storm, 9mm caliber semi-automatic pistol, bearing serial number PZ9206A; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The defendant subsequently filed a "Motion to Dismiss Count Four of the Indictment for Being a Convicted Felon in Possession of a Firearm." (Rec. Doc. 95).   In his motion, he does not attack the grand jury proceedings or the legal sufficiency of the charges in the superseding indictment. Instead, he argues a factual defense to the charge based on the anticipated testimony Ja'Net Davis. See Deft Memorandum at 4-5. The government challenges the veracity of that testimony and believes that sufficient evidence exists to convict the defendant of the offense.   More specifically, the weapon was seized during the execution of a search warrant at the residence where the defendant lived.   The government believes that the circumstances surrounding the location of the gun, the defendant's proximity to it and his admissions regarding his knowledge that a gun was present in the home could support a guilty verdict. Thus, a factual dispute exists.

2

III.    Discussion

"The basic purpose of an indictment is to inform a defendant of the charge against him."
United States v. Hoover, 467 F.3d 496, 499 (5th Cir. 2006) (citing United States v. Fitzgerald, 89
F.3d 218, 222 (5th Cir. 1996)).   "An indictment returned by a legally constituted and unbiased
grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for
trial of the charge on the merits."   Costello v. United States, 350 U.S. 359, 363 (1956). When
considering a pretrial motion to dismiss an indictment, a district court must accept the allegations
in the indictment as true. See United States v. Hogue, 132 F.3d 1087, 1089 (5th Cir. 1998); United
States v. Mann, 517 F.2d 259, 266 (5th Cir. 1975).   The Fifth Circuit has held that a trial court
should not entertain a challenge to a facially valid indictment based on an allegation of insufficient
evidence.   See United States v. Harms, 442 F. 3d 367, 373-374 (5th Cir. 2006).   The propriety of
granting a motion to dismiss an indictment under Federal Rule of Criminal Procedure 12 by
pretrial motion "is by-and-large contingent upon whether the infirmity in the prosecution is
essentially one of law or involves determinations of fact." United States v. Korn, 557 F.2d 1089,
1090 (5th Cir. 1977); United States v. Flores, 404 F.3d 320, 324 (5th Cir. 2005). "If a question of
law is involved, then consideration of the motion is generally proper." Id. "A district court may
make preliminary findings of fact necessary to decide the questions of law presented by pre-trial
motions so long as the court's findings on the motion do not invade the province of the ultimate
finder of fact." Flores, supra at fn. 6, citing United States v. Shortt Accountancy Corp., 785 F.2d
1448, 1452 (9th Cir. 1986).   Notably however, "[i]t is not the place of [a trial] Court to venture a
guess as to whether the Government will succeed in proving these elements at trial; [r]ather, the
job of [a trial court] is merely to determine whether the allegations in the indictment meet the

requisite standard." <u>United States. v. Castro-Vasquez</u>, 481 F.Supp.2d 664, 668 (W.D.Tex. 2006).

As Judge Mary Ann Vial Lemmon noted in denying a similar motion:

> "An indictment that meets the sufficiency requirements cannot be challenged on grounds
> that the allegation are not supported by adequate evidence. <u>United States v. Mann</u>, 517
> F.2d 259, 267 (5th Cir.1975). A sufficiency of the evidence defense raises factual questions,
> and a court cannot dismiss an indictment under Federal Rule of Criminal Procedure Rule
> 12 based on such a defense. Id. (internal quotation omitted). "There is no summary
> judgment procedure in criminal cases. Nor do the rules provide for a pre-trail
> determination of sufficiency of the evidence .... The sufficiency of a criminal indictment is
> determined from its face." <u>United States. v. Critzer</u>, 951 F.2d 306, 307 (11th Cir.1992). A
> defendant's first opportunity to test the strength of the government's proof by motion is at
> the end of the government's presentation of its case.

<u>United States v. Fleming</u>, 2011 WL 3568331 (E.D.La. August 15, 2011).

In the present case, the indictment alleges the essential elements of the crime and informs
the defendant of the charges against him. A challenged indictment is not subject to dismissal if it
tracks the language of the statute and alleges the elements of the offense. See e.g., <u>United States v.
Nevers</u>, 7 F .3d 59, 63 (5th Cir.1993).[1]   As noted earlier, the defendant does not allege that the
indictment does not contain the essential elements of the offense or that it fails to inform him of the
charge against him.   Instead, he wants this court to engage in the type of fact finding that the Fifth
Circuit has told district courts to avoid.  See  <u>United States v. Flores</u>, 404 F.3d at 324.
Specifically, he asks this Court to invade the province of the "ultimate fact-finder" and determine
as a matter of law that he has a wholly <u>factual</u> defense to Count Four, that is, the gun belonged to
someone else, and is therefore not guilty of the charged offense.   Stated another way, he wants
this Court to hold a pre-trial trial, make credibility determinations, weigh evidence and render a

---

[1]  The Federal Rules of Criminal Procedure provide that the indictment "must be a plain, concise,
and definite written statement of the essential facts constituting the offense charged."
Fed.R.Crim.P. 7(c)(1).

ruling akin to a verdict.   This is clearly not proper nor permitted in a pre-trial motion pursuant to Rule 12, F.Crim.Pro.   This matter, which involves disputed facts, should be submitted to a jury or judge at trial to decide whether he is guilty of the offense.

### IV.      Request for an Evidentiary Hearing

For the reasons outline in the preceding paragraphs, the government suggests that an evidentiary hearing is unnecessary and this motion can be decided on the pleadings.   The facts in this matter are contested and the defendant's motion raises no legal objection to the charge.   The law in the Fifth Circuit holds that trial courts should not invade the province of the jury and make pretrial factual determinations regarding whether the government can prove the charges in the indictment. See e.g. <u>United States v. Nides</u>, 2014 WL 2894281 at 3-4 (E.D.La. June 26, 2014). Instead, his opportunity to test the strength of the government's case is at trial.   <u>United States v. Fleming</u>, supra.   Given this authority, there is no need for evidence in this matter. [2]

---

[2]  The Supreme Court in <u>Costello</u> found that significant delays and other problems would result if a defendant could challenge the adequacy or competency of the evidence presented to the grand jury:

> "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury."

<u>Costello v. United States</u>, 350 U.S. at 363.   The same danger exists here as it would require a mini-trial to rule on the defendant's motion.

**V.      Conclusion**

As the succeeding paragraphs make clear, the defendant is not entitled to the relief sought in

his motion.   Accordingly, the government requests that the Court deny the defendant's Motion to

Dismiss Count Four of the Indictment for Being a Convicted Felon in Possession of a Firearm.

Respectfully submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY


*s/Mark A. Miller*
Mark A. Miller (MO Bar Roll No. 30488)
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana   70130
Telephone:   (504) 680-3157
mark.a.miller@usdoj.gov


*s/ Michael B. Redmann*
Michael B. Redmann (LA Bar Roll No. 31929)
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana   70130
Telephone:   (504) 680-3065
michael.redmann@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2014, I electronically filed the foregoing with the
Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all
defense counsel of record.

*s/Mark A. Miller*
Mark A. Miller
Assistant United States Attorney