# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 14-86** |
| v. | * | SECTION: "J" |
| **FRED BROOKS, ET AL.** | * | |

\* \* \*

## JOINT MOTION AND INCORPORATED MEMORANDUM
## TO CONTINUE TRIAL AND PRE-TRIAL CONFERENCE

NOW INTO COURT comes the government, through the undersigned Assistant United States Attorneys, and the defendants, through their counsel, who move the Court to continue the trial and pre-trial conference in this matter. In support of this motion, the parties submit the following reasons and authorities:

I.

Trial in the above-captioned matter is scheduled for March 9, 2015, at 8:30 a.m., and a pretrial conference is scheduled for February 11, 2015, at 2:00 p.m. The government and defense counsel continue to be engaged in pre-trial discovery and plea negotiations. All defendants have now met with the government in a proffer environment and indicated a willingness to reach a plea resolution of the case; however, some additional time is still needed for negotiations. Due to the seriousness of the charges and the extensive nature of the wiretap evidence in this matter, and due to recent cooperation from multiple defendants in this and a related investigation, the government and defense counsel in this matter believe that additional time is needed to continue to complete plea negotiations, provide discovery, and evaluate evidence, or alternatively to prepare adequately for trial.

II.

The superseding indictment in this matter charges nine defendants with conspiracy to distribute over one kilogram of heroin in violation of Title 21 U.S.C. 846, spanning a timeframe of over two years. This charge carries a potential life sentence, and many of the defendants face a possible mandatory life sentence due to their prior criminal histories. There are nine additional counts, including a money laundering conspiracy and several firearms charges.

Consistent with the nature of the charges, the discovery in this case is substantial and includes cellular telephone calls and text messages obtained during court-authorized intercepts, and evidence seized during several searches. In addition, the parties are engaged in ongoing and productive negotiations in an effort to determine whether a pre-trial resolution of this matter can be reached, and all defendants have now met with the government. Due to the complexity of the case, the volume of discovery, the number of counts, and the continuing negotiations in an attempt to resolve this matter without the need for a trial, the government and the defendants request a continuance of the trial in this matter for approximately ninety (90) days.

III.

Subsection (c)(1) of Title 18, United States Code, Section 3161 (the *Speedy Trial Act*) provides that a trial shall begin within seventy (70) days of the date a defendant has first appeared before a judicial officer in the district in which such charge is pending. The *Speedy Trial Act* also provides that any period of delay resulting from a continuance granted by a judge: (1) on his own motion; (2) at the request of a defendant or his counsel; or (3) at the request of the attorney for the government shall be excluded in computing the time within which the trial of any such offense must begin if the judge granted such continuance on the basis of findings that the ends of justice served by taking such action outweigh the best interest of the public and a defendant in a speedy

2

trial. Title 18, United States Code, Section 3161(h)(7)(B), sets out a list of factors which the court shall consider in determining whether to grant the continuance based on the ends of justice. One factor is whether the case is . . . "so complex due to the number of defendants [and] the nature of the prosecution . . . that it is unreasonable to expect that adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." See 18 U.S.C. 3161(h)(7)(B)(ii). A similar consideration is listed in Title 18, United States Code, Section 3161(h)(7)(B)(iv), which instructs the court to consider "whether the failure to grant such a continuance in a case, which taken as a whole, is not so complex as to fall within clause (ii), . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." For the reasons outlined in this memorandum, it is clear that this matter is complex and that Subsection (ii) is applicable. Alternatively, the factors listed in Subsection (iv) are present in this case.

Another factor is whether the failure to grant a request for continuance would result in a miscarriage of justice. Here, going forward at this point with the trial on March 9, 2015, would deny the defendants the time needed to obtain and digest the discovery and discuss a possible plea. This would consequently deprive them of sentencing benefits derived from entering a guilty plea. This is especially critical given the substantial sentences most of them face.

IV.

The government and defense counsel agrees that the best interest of justice would be served by the continuance of this trial. The interests so served would outweigh the interests of the defendant and the public in a speedy trial. Title 18, United States Code, Section 3161(h)(8)(A).

**WHEREFORE**, for the aforementioned reasons, it is respectfully requested that the pretrial conference and trial scheduled in the above-captioned matter be continued for approximately ninety (90) days to a time convenient to this Court.

                    KENNETH ALLEN POLITE, JR.
                    UNITED STATES ATTORNEY

                    */s/ Michael B. Redmann*
                    Michael B. Redmann (La. Bar No. 31929)
                    Assistant United States Attorney
                    650 Poydras Street, Suite 1600
                    New Orleans, Louisiana   70130
                    Phone:   (504) 680-3065
                    Email: michael.redmann@usdoj.gov

                    */s/ Mark A. Miller*
                    Mark A. Miller (Mo. Bar No. 30488)
                    Assistant United States Attorney
                    650 Poydras Street, Suite 1600
                    New Orleans, Louisiana   70130
                    Phone:   (504) 680-3157
                    Email:   mark.a.miller@usdoj.gov

                    */s/ Julie C. Tizzard*
                    Julie C. Tizzard
                    700 Camp Street, Suite 101
                    New Orleans, Louisiana   70130
                    Phone: (504) 528-9500
                    Email: julietizzard@hotmail.com

                    */s/ Townsend M. Myers*
                    Townsend M. Myers
                    700 Camp Street, Suite 213
                    New Orleans, Louisiana    70130
                    Phone: (504) 528-9500
                    Email: townsendmyers@gmail.com

> */s/ Dylan C. Utley*
> Dylan C. Utley
> 422 Notre Dame Street
> New Orleans, Louisiana    70130
> Phone: (504) 524-4080
> Email: dylan@digiulioutley.com
>
> */s/ Brigid E. Collins*
> Brigid E. Collins
> 739 Baronne Street
> New Orleans, Louisiana    70113
> Phone: (504) 524-4191
> Email: brigid@fdesalvo.com
>
> */s/ Lindsay A. Larson, III*
> Lindsay A. Larson, III
> 201 Saint Charles Avenue, Floor 45
> New Orleans, Louisiana    70170
> Phone: (504) 582-3800
> Email: llarson@kingkrebs.com
>
> */s/ Paul C. Fleming, Jr.*
> Paul C. Fleming, Jr.
> 2821 Kingman Street, Suite C
> Metairie, Louisiana    70006
> Phone: (504) 888-3394
> Email: pfleming@fleminglaw.net
>
> */s/ Warren P. McKenna, III*
> Warren P. McKenna, III
> 829 Baronne Street
> New Orleans, Louisiana    70113
> Phone: (504) 581-9322
> Email: warren@mckennafirm.com
>
> */s/ Kimya M. Holmes*
> Kimya M. Holmes
> 3801 Canal Street, Suite 400
> New Orleans, Louisiana    70119
> Phone: (504) 595-8965
> Email: kholmes@capitald.org

## CERTIFICATE OF SERVICE

      I hereby certify that on February 5, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                              */s/ Michael B. Redmann*
                                              Michael B. Redmann (La. Bar #31929)