

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 14-86 |
| v. | * | SECTION: "J" |
| ANTHONY GIBSON | * | VIOLATIONS: 21 USC § 846 |

\* \* \*

## FACTUAL BASIS

Had this matter proceeded to trial, the Government would have proven the following facts through the introduction of competent and admissible evidence to establish beyond a reasonable doubt the guilt of the defendant, **ANTHONY GIBSON** a/k/a "'Toine."

Beginning at a time prior to March 2012 and continuing to January 2014, in the Eastern District of Louisiana and elsewhere, **GIBSON** did knowingly and intentionally combine, conspire, confederate, and agree with other persons to distribute and to possess with the intent to distribute over one kilogram of heroin.

On January 22, 2014, agents of the Drug Enforcement Administration ("DEA") executed search warrants at **GIBSON**'s apartment and storage unit in Kenner, Louisiana, within the Eastern District of Louisiana. At the apartment, agents found approximately 317.4 grams of heroin in vacuum-sealed plastic in the living room sofa; approximately $272,890.00 U.S. currency under the living room sofa; approximately 36.6 grams of heroin in a baggie on the

kitchen counter; approximately 32.9 grams of heroin, a bottle of mannitol cutting powder, and a heat sealer in the kitchen cabinets; a loaded Glock model 22, .40 caliber pistol, bearing serial number FDP545, reported stolen, in a kitchen drawer; approximately 32.2 grams of heroin in a shoe box in the bedroom closet; three digital scales on a bedroom closet shelf; and a 12-ton shop press, used for compacting heroin. At the storage unit, agents found a brick of heroin weighing approximately 1,036.9 grams; approximately 804.4 grams of heroin hidden inside a flat-screen television; and a digital scale. The heroin quantities totaled approximately 2,206.4 grams. These items found within the residence and storage unit belonged to **GIBSON** and remained within his dominion, control, and possession. **GIBSON** possessed the heroin with the intent to distribute it and in furtherance of the conspiracy. The approximately $272,890.00 U.S. currency found under the living room sofa and another approximately $700.00 U.S. currency found on **GIBSON**'s person were the proceeds of **GIBSON**'s drug trafficking activities and were intended to be used to further facilitate those activities.

Earlier during the course of the conspiracy, on or about October 3, 2013, **GIBSON** was stopped for traffic violations by Kenner Police officers in Kenner, Louisiana, within the Eastern District of Louisiana. During a lawful search of the vehicle, a firearm was located under the driver's seat: an FN Herstal model Five-Seven, 5.7x28mm caliber pistol, bearing serial number 38624617. **GIBSON** knowingly and willingly possessed this firearm and exercised dominion and control over it.

### Limited Nature of Factual Basis

This proffer of evidence is not intended to constitute a complete statement of all facts known by the defendant, **ANTHONY GIBSON**, but rather is a minimum statement of facts intended to prove the necessary factual predicate for the guilty plea. The limited purpose of this

proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to Count 1 of the Superseding Indictment.

**APPROVED AND ACCEPTED:**

_____  3-2-15  
ANTHONY GIBSON          (date)  
Defendant

_____  3/2/2015  
MICHAEL B. REDMANN      (date)  
Assistant United States Attorney

_____  3/2/15  
BRIGID COLLINS          (date)  
Counsel for Anthony Gibson

3